Dear Mr. Murray:
You have requested the opinion of this office with regard to the tobacco smoking policy mandated by Act 1106 of the 1992 Regular Session, known as the "Louisiana Office Indoor Clean Air Law", which is now found in LSA-R.S. 40:1300.21, et seq.
Section 1300.22 provides as follows:
 It is the public policy of this state and the purpose of this Part to protect the health, comfort, and environment of the workers of this state in the office work place. It is not the intent of this Part to deny a worker the right to smoke. It is the intent of this Part to protect the right of nonsmoking workers to breathe smoke-free air in the office work place.
After providing for all employers generally, Section 1300.24 provides with regard to state government, in pertinent part, as follows:
 C. However, the state official or employee in charge of an area used by state government within a facility shall prohibit smoking throughout the area but, upon request of any employee of the state government entity utilizing the area who works therein and who desires to smoke and if allowable under the relevant lease provisions and fire or other safety regulations, shall designate a smoking area in the area reasonably accommodating the smokers while adhering to the intent of the provisions of this Part. (emphasis added)
Your request indicates that the Office of Securities, a division of the Office of Financial Institutions, is located in leased space, which, under the terms of the lease, prohibits smoking through the building. Considering the lease provisions, and the provisions of LSA-R.S. 40:1300.24 C. it is our opinion that smoking must be prohibited throughout the area occupied by the Office of Securities.
As to the offices of the Office of Financial Institutions, LSA-R.S. 40:1300.24 C requires the state official or employee in charge of an area, upon the request of an employee who desires to smoke, to designate a smoking area within the larger area utilized by the government entity. It is our opinion that this requires the official or employee responsible for each area occupied by the Office of Financial Institutions to designate a single specific space as the smoking area, and that smoking be prohibited throughout the remaining area.
With regard to your concern about the ventilation system, and its inability to provide "smoke-free air", Subsection 1300.24 A. (1) restricts the reasonable accommodation to "already available means of ventilation or separation or partition of office space." This subsection further states that:
 However, an employer shall not be required by the provisions of this Part to make any expenditures or structural changes to accommodate the preferences of nonsmoking or smoking employees.
Considering the apparently conflicting provisions of Subsection 1300.22, with regard to the intent of the Act to provide "smoke-free" air, and those of subsection 1300.24 A. (1), it is the opinion of this office that the intent of the Act to provide nonsmoking workers with "smoke-free" air must be understood to mean reasonably "smoke-free" air. Thus, the presence of minute, unseen smoke particles in the recycled air does not violate the intent of the Act, nor does it prevent the designation of nor relieve the public official or employee of the obligation to designate a single specific area within the larger area as the smoking area.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-1784o